ORIGINAL

Approved: _____
Ryan B. Finkel
Assistant United States Attorney

Before: HONORABLE HENRY B. PITMAN
United States Magistrate Judge
Southern District of New York

19MAG 6539

- - - - - - - - - - - - - - - - - - x
                                    :   **SEALED COMPLAINT**
UNITED STATES OF AMERICA            :
                                    :   Violation of
         - v. -                     :   18 U.S.C. §§ 922(g)(1),
                                    :   and 2
SOLOMOM PETERSON,                   :
                                    :   COUNTY OF OFFENSE:
              Defendant.            :   BRONX
                                    :
- - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

ROBERT LOCHER, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD") and charges as follows:

COUNT ONE
(Possession of Firearm by a Felon)

1. On or about July 5, 2019, in the Southern District of New York and elsewhere, SOLOMOM PETERSON, the defendant, knowing that he had previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit a Colt Python .357 caliber handgun.

(Title 18, United States Code, Sections 922(g)(1), and 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

1. I am a Detective with the NYPD and I have been personally involved in the investigation of this matter. This

affidavit is based upon my personal participation in the investigation of this matter, and my conversations with law enforcement officers, law enforcement employees, and witnesses, as well as a review of documents and recordings. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2. Based on my participation in this investigation, including my review of documents and surveillance video, my conversations with other law enforcement officers, and my conversations with witnesses, I have learned, in substance and in part, that:

a. On or about July 5, 2019, a particular individual ("Individual-1") reported to law enforcement officers that another person, who was later identified as SOLOMOM PETERSON, the defendant, approached him at a particular barbershop in the Bronx, New York and became unruly. PETERSON then left the barbershop and returned to the vicinity of the barbershop that same day carrying a particular bag ("Bag-1").

b. Based on surveillance video that I have reviewed, when PETERSON returned to the vicinity of the barbershop, he and Individual-1 got into an argument. In the video, PETERSON wore what appears to be pants, boots and a white tank top. After several moments, PETERSON's argument with Individual-1 escalated and Individual-1 grabbed Bag-1 from PETERSON and tried to take Bag-1 from him. Eventually other individuals approached the altercation and Individual-1 successfully removed Bag-1 from PETERSON. The video then shows that PETERSON fled the scene.

c. Moments later, the video shows Individual-1 open Bag-1 and remove from it what appears to be a small black object.

d. After a 911 call, NYPD officers responded to the location of the altercation. Individual-1 provided to the responding officers Bag-1. Inside Bag-1 the officers found a pistol, which was later identified by law enforcement officers as

a Colt brand Python .357 caliber weapon that was not loaded ("Gun-1").[1]

    e. Several minutes later, Individual-1 and the officers canvassed the vicinity for PETERSON. A few blocks away, Individual-1 identified for the officers a person who he indicated looked like the individual with whom he had gotten into the altercation described above and from whom he had taken Bag-1 (which had in it Gun-1). Officers stopped that person, arrested him and subsequently identified him as PETERSON. However, at this time, PETERSON wore shorts, sneakers and a grey tank top, not pants, boots and a white tank top as he had in the surveillance video that recorded the altercation.

    3. Based on my participation in this investigation, including my review of documents and surveillance video, my conversations with other law enforcement officers, and my conversations with witnesses, I have learned, in substance and in part, that:

    a. On or about July 5, 2019, surveillance video showing the hallway of a particular apartment building, a few blocks from the location of, and shortly after, the altercation described above recorded a person fitting the description of SOLOMOM PETERSON, the defendant, wearing pants, boots and a white tank top, enter a particular apartment ("Apartment-1"). Moments later surveillance video recorded what appears to be the same person exit Apartment-1 wearing shorts, sneakers and a grey tank top.

    b. Based on the foregoing as well as my training and experience, I believe that PETERSON, wearing pants, boots and a white tank top, during the altercation, fled to Apartment-1 after Bag-1 containing Gun-1 was taken from him by Individual-1, and in Apartment-1 Peterson changed into shorts, sneakers and a gray tank top—the clothes he was wearing when arrested by the NYPD.

    c. Based on my training and experience, I have learned that individuals involved in criminal activity sometimes change their clothes in an attempt to avoid apprehension by law enforcement.

---

[1] Based on my training and experience and review of publicly available information, Colt Pythons are not manufactured in New York State.

3

4. Based on my participation in this investigation, including my review of documents and law enforcement databases, I have learned, in substance and in part, that:

a. Based on records accessible to law enforcement, Apartment-1 is associated with SOLOMOM PETERSON, the defendant.

b. On or about December 16, 2008, PETERSON was convicted of Robbery in the 3rd Degree in violation of New York Penal Law § 160.05, which is a Class D felony punishable by more than one-year incarceration.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of SOLOMOM PETERSON, the defendant, and that he be imprisoned or bailed, as the case may be.

ROBERT LOCHER
Detective
New York City Police Department

Sworn to before me this
___ day of July, 2019

THE HONORABLE HENRY B. PITMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4